IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Number: GLR-14-0559 |
| | * | |
| RICHARD BIENVENIDO MARIANO, | * | |
| | * | |
| Defendant. | * | |

..ooOOOoo..

## JOINT MOTION TO EXCLUDE TIME
## PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Rod J. Rosenstein, the United States Attorney for the District of Maryland, and Kenneth S. Clark, Assistant United States Attorney for said district, jointly with Mr. Mariano and his counsel, Russell Neverdon, respectfully submits this Joint Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to Title 18 U.S.C. § 3161(h).

1.  On November 24, 2014, Mr. Mariano was charged via criminal complaint with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 and had his initial appearance in federal court on the same date. On December 2, 2014, Mr. Mariano was charged by grand jury indictment with the same crime. On February 5, 2015, the Court granted the parties joint motion to exclude the period from November 24, 2014 through March 20, 2015 from calculation under the Speedy Trial Act.

2.  The parties have been discussing resolution of the matter short of trial and the Court has allowed them another 45 days to work on resolution.

4.  Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in

which the charge is pending.

5.Periods of delay which would extend the time within which trial must commence include delay resulting from pretrial motions, including this motion, and pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(D). A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(D). Although that section enumerates specific excludable proceedings, the list is not exhaustive. See 18 U.S.C. § 3161(h)(1) (excluding from computation "[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to* . . .") (emphasis added). It has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations." United States v. Ford, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (citing 18 U.S.C. § 3161(h)(1)(F)).

6.A continuance beyond the seventy-day speedy trial date is also permissible where granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Factors which the Court must consider in making this finding are listed in Section 3161(h)(7)(B) and include the following:

> (i)Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ....
>
> (iv)Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).  This analysis considers a number of factors, including "whether the defendant needs reasonable time to obtain counsel" and "whether counsel needs additional time for effective preparation of the case."  See United States v. Mallory, 461 Fed. Appx. 352, 358 (4th Cir. 2012) (unpublished).

7. The parties respectfully submit that the above factors are applicable to this prosecution and justify a continuation of the trial date beyond the speedy trial date.  Mr. Mariano has required some time to obtain counsel in this matter.  As a result, the parties are still discussing the resolution of this matter through a plea agreement, and they anticipate requiring additional time to do that.  In addition, and despite the exercise of due diligence by the parties, both the Government and the Defendant need additional time to review case materials, interview witnesses, and prepare for trial.  Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.

Wherefore, the parties respectfully request that this Court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(7)(A), for the period from March 21, 2015 through May 11, 2015.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney

            By: _____/s/_____
                    Kenneth S. Clark
                    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2015, a copy of the foregoing document was delivered to the CM-ECF system of the United States District Court for the District of Maryland for electronic delivery to all counsel of record:

 Russell Neverdon, Esq.

              _____/s/_____
              Kenneth S. Clark

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Criminal Number: GLR-14-0559** |
| | * | |
| **RICHARD BIENVENIDO MARIANO,** | * | |
| | * | |
| **Defendant.** | * | |

..ooOOOoo..

# ORDER

The Court finds, upon the parties' motion dated April 2, 2015, that pursuant to Title 18, United States Code, Section 3161(h)(7), the interests of justice will be served by continuing the trial date beyond the speedy trial date and that the ends of justice served by such a delay in the trial of this case outweigh the interests of the public and the Defendant in a speedy trial, in that:

    a.    the failure to grant this request in this proceeding would be likely to result in a miscarriage of justice;

    b.    this case involves some complex issues and thus it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act;

    c.    the failure to set trial beyond the speedy trial date in this proceeding would deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and

    d.    it would be in the interest of justice to allow additional time for the parties to pursue plea negotiations.

THEREFORE, IT IS HEREBY ORDERED this _____ day of _____, 2015, that the period from March 21, 2015 through May 11, 2015, shall be excluded from calculation under the Speedy Trial Act in the interests of justice, pursuant to Title 18, United States Code, Section 3161(h), for the reasons set forth above.

_____
HONORABLE GEORGE L. RUSSELL, III
UNITED STATES DISTRICT JUDGE